# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| CRAIG QUEVEDO | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:17-cv-0752 |
| | ] | Judge Trauger |
| GRADY PERRY, Warden | ] | |
| Respondent. | ] | |

## MEMORANDUM AND ORDER

The Court has before it a *pro se* prisoner petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is now obliged to examine the petition.

A one year statute of limitation has been placed on the filing of a § 2254 habeas corpus petition. This means that a prisoner in custody pursuant to the judgment of a state court, as is the case here, has one year from the date his convictions became final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[1]

According to the petition, the petitioner pled guilty or no contest on August 20, 2002 to the rape of a child (4 counts), aggravated sexual battery (2 counts), rape (39 counts), aggravated rape and incest (24 counts). Docket Entry No.1 at pg.1. For these crimes, he received an effective sentence of ninety two (92) years in prison. *Id.*

On appeal, the Tennessee Court of Criminal Appeals affirmed petitioner's sentence. *Id.* at

---

[1] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final.

1

pg. 2. On June 21, 2004, the Tennessee Supreme Court denied petitioner's application for additional review. *Id.*

The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the petitioner's convictions became final for timeliness purposes ninety days later, on September 19, 2004. Accordingly, the petitioner had one year from this date, or until September 19, 2005, in which to initiate the instant action.

On June 20, 2005, after two hundred seventy four (274) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief. Docket Entry No. 1 at pg. 3. This filing had the effect of tolling the limitation period. 28 U.S.C. § 2244(d)(2). The tolling of the limitation period continued until October 10, 2014, the date that the petitioner's post-conviction proceedings were concluded in the state courts. Docket Entry No. 1 at pg. 5.

When the limitation period began to run again on October 11, 2014, the petitioner had ninety one days (365 - 274 = 91), or until January 9, 2015, in which to initiate this action in federal court. Scott v. Collins, 286 F.3d 923, 926 (6th Cir. 2002)(when statutory tolling has ended, the limitation period resumes from the point it was tolled rather than starting anew).

The petitioner avers that he placed his petition in the prison postal system for mailing on April 13, 2017, more than two years after the limitation period had expired. Docket Entry No. 1 at pg. 15. It appears, therefore, that this action is untimely. There is nothing in the petition to suggest

that the limitation period should be further tolled so as to allow the late filing of the petition.[2]

Anticipating that timeliness might be a problem, the petitioner asserts that the date the judgment became final is not the proper starting point for the limitation period. He claims, instead, that the appropriate starting point is the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Two of petitioner's four claims allege that his attorney and the trial court erred by failing to advise him "of the mandatory direct and punitive consequences of community supervision for life as a part of his sentence prior to accepting his pleas." Docket Entry No. 1 at pgs. 4 and 7. The petitioner avers that he did not learn about the factual predicate for these claims until April, 2016. Id. at pg. 13.[3]

"Factual predicate", within the meaning of the statute, means evidentiary facts or events and not court rulings or the legal consequences of the facts. Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012) (that counsel's advice may have been flawed, and could potentially form the foundation for an ineffective assistance claim, are the legal consequences of those facts - matters of law that are beyond the purview of 28 U.S.C. § 2244(d)(1)(D)); see also Board v. Bradshaw, 2014 WL 700026 (N.D. Ohio; 2/21/14). The imposition of community supervision for life, as a matter of state law, is a legal consequence of the petitioner's convictions and not a predicate fact. In any event, the

---

[2] The petitioner filed a motion to reopen his post-conviction proceedings on August 15, 2016. Docket Entry No. 1 at pg. 3. This filing, however had no tolling effect because the limitation period had already expired. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

[3] Community supervision for life is codified as Tenn. Code Ann. § 39-13-524.

3

petitioner bears the burden of showing that he exercised the due diligence required by the statute. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). A petition that merely alleges that the petitioner did not actually know the facts underlying his claims does not meet the due diligence standard. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997).

Therefore, this action appears to be untimely. The petitioner is hereby GRANTED twenty one (21) days from the date of entry of this order on the docket in which to SHOW CAUSE why his petition should not be dismissed for that reason.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge