UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG QUEVEDO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17-cv-0752 |
| | ) | Judge Trauger |
| GRADY PERRY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

On April 17, 2017, the petitioner initiated this action with the *pro se* filing of a petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus.

Upon preliminary review of the petition, the Court determined that it had not been filed in a timely manner. Accordingly, an order (Docket Entry No. 10) was entered granting the petitioner thirty (30) days in which to show cause why the petition should not be denied for that reason.

After being given an extension of time, the petitioner has filed a Motion (Docket Entry No. 13) to show cause.

On August 20, 2002, the petitioner pled either guilty or nolo contendere to seventy (70) sex related crimes in the Criminal Court of Montgomery County. Docket Entry No. 1 at 1-2. For these crimes, he received a sentence of ninety two (92) years in prison. *Id.* at 1. Unknown to the petitioner at the time, his sentence included community supervision for life. Tenn. Code Ann. § 39-13-524(b). Community supervision for life requires a convicted sex offender released from custody to report regularly to a state agency. Tenn. Code Ann. § 40-39-203(b)(2).

1

The filing of a § 2254 habeas corpus action is subject to a one year period of limitation. 28 U.S.C. § 2244(d)(1). This period begins to run from the latest of —

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Court applied option (A) and found that this action was not timely filed by the petitioner. The petitioner does not challenge the Court's conclusion that, using option (A), this action is untimely. Rather, the petitioner asserts that option (D), and not option (A), actually dictates when the limitation period began to run in this case. Docket Entry No. 1 at 12. Applying option (D), this action should be deemed timely.

Two of the petitioner's four claims allege that counsel and the trial court erred by failing to advise him "of the mandatory direct and punitive consequences of community supervision for life as a part of his sentence prior to accepting his pleas." Docket Entry No. 1 at 4 and 7. The petitioner avers that he did not learn that community supervision for life was included as a part of his sentence until April, 2016. *Id.* at 13. He believes that this was a factual predicate for those claims which requires the Court to apply option (D) rather than option (A) when calculating the timeliness of this

2

action.

As noted in the show cause order (Docket Entry No. 10), a factual predicate, within the meaning of the statute, is an evidentiary fact or event and not a court ruling or legal consequence of the facts. Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012)(that counsel's advice may have been flawed, and could potentially form the foundation for an ineffective assistance claim, are the legal consequences of those facts - matters of law that are beyond the purview of 28 U.S.C. § 2244(d)(1)(D)); *see also* Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). The factual predicate for petitioner's claims is that he was sentenced as a sex offender. The legal consequences of the sentencing were incarceration, placement on the sex offender registry and community supervision for life. Thus, the Court properly applied option (A) when calculating the timeliness of petitioner's habeas corpus petition.

In any event, option (D) allows for the use of a later starting date when the factual predicate for his claims "could have been discovered through the exercise of due diligence." The petitioner bears the burden of convincing the Court that he was exercising due diligence when he learned of the factual predicate for his claims. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006).

The petitioner discovered that he was subject to community supervision for life in 2016, fourteen years after he was sentenced by the trial court. The community supervision for life requirement was codified well before the trial court pronounced sentence on the petitioner. It could, therefore, have been discovered earlier by the petitioner if he had been more diligent in his research. He acknowledges that he "stumbled" upon news of community supervision for life after hearing about it from other inmates. Docket Entry No. 13 at 12. But a petitioner does not meet the due diligence standard simply because he did not actually know the facts underlying his claims. In re

3

Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997); *see also* Owens v. Boyd, *supra* ( petitioner "has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, the § 2244(d)(1) might as well not exist; few prisoners are lawyers"). The petitioner has failed to carry his burden of showing that he exercised due diligence in bringing his claims before the Court.

As a consequence, the Court finds no merit in the petitioner's Motion (Docket Entry No. 13) to show cause. Said Motion, therefore, is hereby **DENIED** and this action is **DISMISSED** as untimely. Rule 4, Rules - - - § 2254 Cases.

Given the untimeliness of this action, the petitioner is unable to make a substantial showing of the denial of a constitutional right. Accordingly, should the petitioner file a timely notice of appeal, such notice shall be treated as an application for a certificate of appealability which will **NOT** issue in this instance. 28 U.S.C. § 2253(c)(2).

It is so ORDERED.

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge